UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dean Davis, Gina Colantuoni,
and James Piet

                v.                          Civil No. 11-cv-436-PB

Jacob S. Ciborowski Family
Trust, et al.


O R D E R


Plaintiffs bring suit under Title III of the Americans with Disabilities Act ("ADA"), alleging that the owner of a commercial property, Jacob S. Ciborowski Family Trust ("Trust"), and the operators of two retail stores that lease space there, Concord Arts and Crafts and Bagel Works, Inc. ("Bagel Works"), deny access to persons with physical disabilities.[1]  Specifically, plaintiffs allege that defendants failed to make the two stores and an unoccupied storefront wheelchair-accessible during a recent construction project, as is required under 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2).  Defendants contest the claim and assert both a counterclaim alleging bad faith, as well as affirmative defenses.

_____

[1] Plaintiffs have filed a notice of settlement with Concord Arts and Crafts.

Plaintiffs move to compel the Trust and Bagel Works to provide answers to certain interrogatories pertaining to their financial resources and communications with the City of Concord about the project.  In response, the Trust and Bagel Works object on the grounds that the information sought is not relevant, and move for protective orders.  Because an objection cannot be combined with a motion for affirmative relief, the motions for a protective order that were included in the objections are not considered here.  See United States District Court District of New Hampshire Local Rule 7.1(a)(1).[2]

## Standard of Review

A party may serve interrogatories on other parties that are related to "any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . ."  Fed. R. Civ. P. 26(b)(1) & 33(a)(2); see also Fed. R. Civ. P. 34(a) (requests to produce documents).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  A party may move for an order to compel another party to answer an interrogatory.  Fed. R. Civ.

---

[2] Defendants also filed separate motions for protective orders.

P. 37(a)(3)(B)(iii).  The party who moves to compel answers to
interrogatories over the opposing party's objection bears the burden
of showing the relevance of the information sought.  Caouette v.
OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005).

### Background

The plaintiffs, Dean Davis, Gina Colantuoni, and James Piet,
are individuals with physical disabilities who use wheelchairs.
The Trust owns property, known as Phenix Hall, located on Main Street
in Concord, New Hampshire.  The Trust leases space in Phenix Hall
to other entities, including Bagel Works.  Phenix Hall underwent a
construction project in 2010, which included work on the facade of
the building and entrances to the storefronts.[3]

Plaintiffs bring suit under the ADA and allege that Bagel Works
and the other storefronts in Phenix Hall are not accessible to people
who use wheelchairs and that defendants should have made changes to
the entrances to allow wheelchair access as part of the project.
Defendants assert a counterclaim that plaintiffs' ADA claim is
frivolous and filed in bad faith.  Defendants also raise several
affirmative defenses to the ADA claim, including that the alterations
plaintiffs seek are neither readily achievable nor technically
feasible, that the facilities are accessible to the maximum extent

_____

[3] The defendants object to the use of the word "renovation" to
describe the work done on the building.

3

feasible, and that the alterations would impose an undue burden or create an undue hardship on the defendants.

Plaintiffs served interrogatories on the Trust, delivering them by hand to counsel for the Trust on February 2, 2012, and served interrogatories on Bagel Works by mailing them to counsel on February 10, 2012.[4]  Plaintiffs represent, and defendants do not dispute, that defendants provided unsigned responses to the interrogatories on March 30, 2012.  Counsel for plaintiffs then wrote to defendants' counsel, seeking additional information for some interrogatories and asking that defendants reconsider their decision not to answer other interrogatories.  In response, defendants provided a copy of a proposed protective order to plaintiffs' counsel but did not supplement their answers to the interrogatories.

## Discussion

Plaintiffs now move to compel defendants to provide answers and documents (requested in interrogatories) that pertain to the defendants' financial resources.[5]  They also move to compel defendants to provide answers and documents in response to interrogatories about defendants' communications with the City of

---

[4] The Trust and Bagel Works are separate entities but are represented by the same counsel.

[5] All three plaintiffs move to compel answers to interrogatories that were propounded by Dean Davis.  Document no. 33 seeks to compel answers from the Trust, and document no. 34 seeks answers from Bagel Works.

Concord regarding the building permit process for the 2010 Phenix Hall construction project.  Further, plaintiffs seek an award of expenses, including attorneys' fees, incurred in filing the motions to compel.  Plaintiffs contend that the discovery they seek is relevant to defendants' affirmative defenses and that defendants have waived any objections to the interrogatories by failing to provide timely responses.

Defendants assert that the requested discovery is not relevant because: (a) "it is self-evident" that defendants did not violate the ADA; (b) defendants have not asserted affirmative defenses that implicate financial matters; and (c) defendants have provided the information requested about communications with the City of Concord.

I.  Timeliness of Responses

Unless otherwise provided by stipulation or an order of the court, interrogatories must be answered within thirty days of service.  Fed. R. Civ. P. 33(b)(2).  The grounds for objecting to an interrogatory must be stated with specificity, and "[a]ny ground not stated in a timely objection is waived unless the court for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  Further, the person who answers interrogatories must sign them, and counsel who interposes objections must sign the objections.  Fed. R. Civ. P. 33(b)(5).

In this case, neither the Trust nor Bagel Works provided answers
to the interrogatories within the thirty days allowed under Rule 33.
Neither defendants nor their counsel signed the interrogatory
answers.  Defendants have not addressed the issue of the
untimeliness of their answers.  Defendants' answers to the
interrogatories were four weeks late.  Because the answers were not
signed, however, the defendants still have not provided answers that
comply with Rule 33.  In the absence of any showing of good cause
or other explanation, defendants have waived any objection to
plaintiffs' interrogatories.  See Gomez v. Tyson Foods, Inc., No.
8:08CV21, 2012 WL 3111897, at *2 (D. Neb. July 31, 2012); Herndon
v. Logan's Roadhouse, Inc., No. 05-459ML, 2012 WL 3042982, at *1 (D.
Ariz. July 25, 2012); Cargill, Inc. v. Ron Burge Trucking, Inc., ___
F.R.D. ___, No. 2394 (PAM/JJK), 2012 WL 2064946, at *3 (D. Minn. June
1, 2012); cf. Daniels v. Am. Power Conversion Corp., No. 05-459ML,
2007 WL 539643, at *3 (D.R.I. Feb. 15, 2007) (delay of nine days with
adequate explanation excused).  Nevertheless, in the interest of
completeness, the court addresses defendants' objections below.

## II.  Interrogatories Pertaining to Financial Resources

Plaintiffs propounded four interrogatories to each defendant
pertaining to that defendant's financial resources.  In those
interrogatories, plaintiffs asked each defendant to identify all of
its assets and all of the real property it owned, to detail all debt,

and to provide a complete copy of its tax returns and supporting financial documentation for the last five years.[6]  Defendants contend that the interrogatories call for discovery that is not relevant and that for certain interrogatories a response would impose an undue burden.  Plaintiffs contend the interrogatories are relevant to two of defendants' affirmative defenses: that accessibility is not readily achievable and would cause an undue burden or hardship.

Bagel Works argues that the interrogatories are not relevant because it does not own Phenix Hall, and under the terms of its lease from the Trust, it is not permitted to make structural changes to the property.  As plaintiffs point out, however, Title III of the ADA also applies to those who lease space.  42 U.S.C. § 12182(a). Bagel Works has not shown that its contractual arrangements with the Trust preclude plaintiffs' ADA claim against it.  See, e.g., 28 C.F.R. § 36.201(b); Botosan v. Paul McNally Realty, 216 F.3d 827, 834 (9th Cir. 2000); Hoewischer v. Terry, No. 3:11-cv-405-J-32J87, 2011 WL 5510274, at *2 (M.D. Fla. Nov. 10, 2011).

---

[6] These are interrogatories numbered 28 through 31 propounded to the Trust, and interrogatories 21 through 24 propounded to Bagel Works.

1. <u>Readily achievable</u>

Discrimination under the ADA includes "a failure to remove architectural barriers . . . [unless the] entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable . . . ." § 12182(b)(2)(A)(iv)&(v). Barrier removal is readily achievable if it is "easily accomplishable and able to be carried out without much difficulty or expense." § 12181(9). Among the factors to be considered for purposes of deciding whether barrier removal is readily achievable is "the overall financial resources of the covered entity . . . ." <u>Id.</u>

Defendants' financial resources are, therefore, relevant to their defense that achieving accessibility is not readily achievable. Because the information sought is relevant to defendants' affirmative defense, it must be produced without requiring a showing of good cause by the moving party. <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>see also</u> 28 C.F.R. § 36.104.

Defendants concede that they asserted the affirmative defense that barrier removal would not be readily achievable but argue that the defense is not relevant to plaintiffs' ADA claim.[7]

---

[7] In their objections, defendants concede that their financial resources are relevant to the defense that accessiblity is not readily achievable but asserted that they did not raise that defense. As plaintiffs point out, defendants' answers include the affirmative defense that accessibility would not be readily achievable. <u>See</u> Answers, doc. no. 13 ¶ 43, doc. no. 15 ¶ 53. Defendants have since abandoned the assertion that they did not raise the defense.

Defendants further assert, without citation to authority, that a plaintiff bears the burden of showing that a defense is relevant to a claim asserted by that plaintiff.   While plaintiffs have the burden to show that their discovery requests are relevant to a claim or defense in the case, they have no burden to show that defendants properly pleaded a relevant defense.   In short, information about defendants' financial resources is relevant to the defense that removal of barriers is not readily achievable.   Thus, to the extent defendants intend to maintain that affirmative defense, their financial resources are discoverable.

   2.   Undue burden

   Defendants also assert the affirmative defense that achieving accessibility would impose an undue burden on them.   Under the ADA, discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would . . . result in an undue burden."   § 12182(b)(2)(A)(iii). Plaintiffs contend that the defense of undue burden does not apply to their claim and is frivolous, but because defendants have asserted the defense, they seek discovery pertaining to it.   "To determine

whether an action would result in an undue burden, the Court considers several factors: the nature and cost of the action; the financial resources of the site involved; the number of persons employed at the site; the effect on expenses and resources; the administrative and financial relationship of the site to the corporation; and, if applicable, the overall financial resources of the parent corporation and the number of its facilities." Roberts v. KinderCare Learning Ctrs., Inc., 895 F. Supp. 921, 926 (D. Minn. 1995) (citing 28 C.F.R. 36.104). Defendants do not appear to dispute that their financial resources are relevant to a defense of undue burden. Therefore, plaintiffs are entitled to responses to the interrogatories that seek information about defendants' financial resources.[8]

III. Interrogatories Pertaining to Communications with City of Concord

Based on plaintiffs' reply to Bagel Work's objection to the motion to compel, it appears that plaintiffs have now received the documents that they sought through the motion.  With respect to the Trust, plaintiffs move to compel the Trust to provide a complete response

---

[8] There appears to be no dispute that the two affirmative defenses at issue in the motion to compel are inapposite to plaintiffs' claim in this case.  Plaintiffs reasonably propose to withdraw their interrogatories pertaining to those defenses in the event defendants voluntarily withdraw those defenses.  Defendants thus have the opportunity to avoid discovery of their financial resources by withdrawing the defenses.

to Interrogatory 26.  The Trust objects to the motion on the ground
that it has answered Interrogatory 26 and no further answer is
required.

Interrogatory 26 asks: "Please identify all contact with the
City of Concord in seeking approval for the Phenix Hall renovation.
A complete answer will include identification of all dates of
communication, written and oral, and all documents generated as a
result of the communication, application, or consultation."  In
response, the Trust objected to the use of the term "renovated" and
also stated, without waiving that objection or identifying who was
answering the interrogatory, "[t]o the best of my recollection I spoke
with Mike Santa, the City's code enforcement officer, the City's
design-review committee and the planning board."

On its face, the Trust's response does not provide a complete
answer to Interrogatory 26.  The Trust's arguments in its objection
and surreply are not a substitute for its answer nor do they provide
timely objections to the interrogatory.  The Trust must provide a
complete answer to Interrogatory 26.

IV.  Bifurcation

In their objections to the motions to compel, the Trust and Bagel
Works argue, without citation to authority, that the court should
not compel discovery pertaining to their financial resources unless

11

and until the plaintiffs prove their ADA claim.  To the extent
defendants seek to bifurcate the case under Federal Rule of Civil
Procedure 42(b), such a request far exceeds the scope of the discovery
issue presented by plaintiffs' motions to compel.

Because financial records may be sensitive and require certain
measures to protect confidentiality, a protective order or
stipulation may be appropriate for that purpose.  The parties shall
confer and use their best efforts to agree on the terms of a proposed
protective order that ensures the confidentiality of the financial
information disclosed.

V.   Award of Expenses

Plaintiffs seek an award of the reasonable fees and expenses
they incurred in filing the motions to compel.  Federal Rule of Civil
Procedure 37(a)(5) provides for such an award when the moving party
is successful and after giving the parties an opportunity to be heard
on the issue.  Fed. R. Civ. P. 37(a)(5)(A).  Because the motions are
granted, the parties shall provide memoranda on the issue of an award
of expenses.

Conclusion

The plaintiffs' motions to compel (document nos. 33 and 34)
are granted, as follows.  Bagel Works shall provide complete
responses to Interrogatories 21 through 24 (document no. 34).  The

Trust shall provide complete responses to Interrogatories 26 and 28 through 31 (document no. 33).

Counsel shall use their best efforts to agree on a proposed protective order to address issues of confidentiality as to the defendants' financial records.

Plaintiffs shall file a motion for an award of fees and expenses under Federal Rule of Civil Procedure 37(a)(5)(A), along with a supported and detailed statement of the fees and expenses requested, on or before **September 13, 2012**.  The defendants shall file their responses on or before **September 19, 2012**.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

August 30, 2012

cc:  Jack P. Crisp, Jr.
     Aaron Jesse Ginsberg, Esq.
     John P. LeBrun, Esq.
     Cindy Robertson, Esq.

13