UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Dean Davis, Gina Colantouni,
and James Piet

    v.                            Civil No. 11-cv-436-PB

Jacob S. Ciborowski Family
Trust, et al.

O R D E R

      Plaintiffs bring suit under Title III of the Americans with Disabilities Act ("ADA"), alleging that the owner of a commercial property, Jacob S. Ciborowski Family Trust ("Trust"), and the operators of two retail stores that lease space there, Concord Arts and Crafts and Bagel Works, Inc. ("Bagel Works"), deny access to persons with physical disabilities.[1]  Specifically, plaintiffs allege that defendants failed to make the two stores and an unoccupied storefront wheelchair accessible during a recent construction project, as is required under 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2).  Defendants contest the claim and assert both a counterclaim alleging bad faith, as well as affirmative defenses.

---

[1] Plaintiffs have filed a notice of settlement with Concord Arts and Crafts.

**Discussion**

Plaintiffs moved to compel defendants to answer certain interrogatories, and those motions have been granted.[2] Defendants now move for a protective order (document nos. 49 and 50) to allow them not to answer both the interrogatories that are the subject of the motions to compel, as well as several other interrogatories propounded to the Trust.  Plaintiffs object to the motions for a protective order and argue that they are duplicative of the issues presented by the motions to compel.

The court may grant a protective order based on a showing of good cause.  Fed. R. Civ. P. 26(c); Bogan v. City of Boston, 489 F.3d 417, 423 (1st Cir. 2007).  To show good cause, the party seeking the order must show that protection from discovery is necessary to avoid "annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c).  In deciding whether the moving party has shown good cause for the order, the court "is required to balance the burden of proposed discovery against the likely benefit."  Gill v. Gulfstream Park Racing Ass'n, Inc., 399 F.3d 391, 400 (1st Cir. 2005).

Neither the Trust nor Bagel Works provides good cause for the court to find that a protective order is necessary in this case to avoid annoyance, embarrassment, oppression, or undue burden or expense.  Instead, defendants argue that the subject matter of the

---

[2] Additional background information is provided in the order granting the motions to compel.

disputed interrogatories is irrelevant and, therefore, the information sought is not discoverable.  Defendants have not met their burden to support their motions for a protective order.  Defendants' motion may be construed as a plea for protection from answering allegedly irrelevant interrogatories.  In the interests of judicial economy, the court elects to address defendants' protestations concerning relevance.

I.   Bagel Works

Bagel Works moves for an order that would protect it from answering Interrogatories 21 through 24.  Bagel Works argues that it should not have to answer the disputed interrogatories because the interrogatories seek information that is not relevant to the case.  Plaintiffs contend that the motion is unnecessary because it merely reiterates the same issues that were raised in plaintiffs' motion to compel Bagel Works to answer those interrogatories (doc. no. 34).  Bagel Works asserts that the motion to compel addressed interrogatories propounded by Dean Davis, while it seeks a protective order to preclude the same interrogatories from the other two plaintiffs.

For the reasons stated in the order (doc. no. 77) granting the motion to compel, Bagel Works's motion for a protective order is denied.

II.  The Trust

The Trust moves for an order that would protect it from answering Interrogatories 10, 15, 16, 17, 19, 20, and 27 through 31.  In the

order granting the motion to compel, the Trust has been ordered to answer Interrogatories 28 through 31.  Thus, with respect to these interrogatories, the motion for a protective order is moot.  In support of the remainder of its motion, the Trust contends that the disputed interrogatories seek information that is not relevant to the case.  Plaintiffs respond that they are no longer seeking answers to Interrogatories 15, 16, and 17, making that part of the motion for a protective order moot.  The remaining dispute concerns Interrogatories 10, 19, 20, and 27.

Interrogatories 10, 19, and 20 seek information about the Trust's inquiries regarding the historic significance of Phenix Hall and the building project:

> 10.  Please state all efforts that were made by you or on your behalf to comply with the "U.S. Government's Official Guidelines for Preserving Historic Homes." [sic] with respect to the 2010 summer/fall work performed at Phenix Hall.  This would include, but not be limited to, the Guideline's historic and access provisions.  Please provide all documents that related to these efforts.
>
> 19.  Please identify every person and organization consulted or communicated with, orally or in writing, on historic issues with respect to the summer/fall 2010 work at Phenix Hall.  A complete answer will include the dates of communication with each person or organization.  A complete answer will also include identification of all documents generated as a result of the consultation or communication.
>
> 20.  Please identify all historic resources, organizations and individuals you consulted or contacted for the summer/fall 2010 work at Phenix Hall and the date these resources and organizations were initially consulted.  A complete answer will provide all documents related to said consultation and/or contact.

Interrogatory 27 asks about the Trust's communications with the City of Concord:

> 27.  Have you approached the City of Concord to use sidewalk space to build an accessible ramp to the Phenix Hall storefronts?  If so, please provide all details related to any such discussions and all related documents.

### A.   Historic significance

The Trust argues that it should not have to answer Interrogatories 10, 19, and 20 because the information sought is irrelevant.  The Trust asserts that, other than complying with local zoning laws, all decisions pertaining to the work done on Phenix Hall were made by the Trust.  The Trust also asserts that it was not required either to consult the guidelines referenced in Interrogatory 10 or to seek information from any other source about the historical significance of the project.

Plaintiffs respond that the interrogatories about the resources the Trust consulted for the project are relevant to the Trust's affirmative defense that the "historic significance" of Phenix Hall allowed it to avoid compliance with the ADA.  See Molski v. Foley Estates Vineyard & Winery, LLC, 531 F.3d 1043, 1047-49 (9th Cir. 2008) (explaining defendant's burden under the ADA to show that barrier removal was not readily achievable due to the impact on the historic significance of the building); accord Rodriguez v. Barrita, Inc., No. C 09-04057 RS, 2012 WL 3538014, at *10-11 (N.D. Cal. Mar. 1, 2012). Section 4.1.7 of the ADA Accessibility Guidelines state that an entity that provides public accommodation should consult the "'State

Historic Preservation Officer'" if the entity believes that alterations to its building necessary to comply with the ADA "'would threaten or destroy the historic significance of the building.'" Molski, 531 F.3d at 1049 (quoting § 4.1.7). "Although this clause uses permissive language, it calls upon the party who believes that compliance would threaten the historical significance of the building to consult the appropriate agency." Id.

The Trust nevertheless argues that because § 4.1.7 does not make consultation mandatory, the interrogatories are irrelevant.[3] Efforts made by the Trust prior to completing the project, to address the issue of a conflict between ADA compliance and the historic significance of Phenix Hall, are relevant to the Trust's invocation of the exception. The motion for a protective order as to Interrogatories 10, 19, and 20 is denied.

    B.   Communications with City of Concord

The Trust argues that the interrogatory concerning its communications with the City of Concord seeks irrelevant information because the Trust was not required to obtain any approval from the city to build a ramp or to use the city's sidewalks. Plaintiffs assert that the City of Concord has indicated a willingness to consider a

---

[3] The Trust also argues that the "historic significance" exception is relevant only to the general subject matter of the case and, therefore, requires plaintiffs to make a showing of good cause. The Trust is mistaken. First, the burden of showing good cause for the protective order it has requested is on the Trust. Second, in this case, the Trust has raised the historic significance exception as a defense in its answer; it is required to prove that defense.

plan to modify the sidewalk area in front of Phenix Hall so that the Phenix Hall storefronts can be rendered wheelchair accessible.

Assuming, without deciding, that the Trust was not required to consult with the city, the court finds that the Trust's communications with the city are nevertheless relevant to its defense that its facilities are "accessible to the maximum extent feasible." The communications are also potentially relevant to the Trust's counterclaim asserting bad faith on the part of the plaintiffs. Accordingly, the Trust's communications with the City of Concord about a plan to use the city sidewalks for accessibility are discoverable. The motion for a protective order is denied.

III.  <u>Award of Expenses</u>

Plaintiffs seek an award of reasonable fees and expenses incurred in opposing defendants' motions for a protective order pursuant to Fed. R. Civ. P. 37(a)(5)(B) and 26(c)(3). In response, the Trust states that it was reasonably justified in filing the motion, and Bagel Works does not address the issue. The parties shall address the issue of an award of expenses as outlined below.

## Conclusion

Bagel Works's motion for a protective order (document no. 49) is denied, and the Trust's motion for a protective order (document no. 50) is denied.

As directed in the order granting the motions to compel (doc. no. 77), counsel shall make their best efforts to agree on a proposed

7

protective order to address issues of confidentiality as to the defendants' financial records.

Plaintiffs shall file a motion for an award of fees and expenses under Fed. R. Civ. P. 37(a)(5)(B), along with a supported and detailed statement of the fees and expenses requested, on or before **September 13, 2012**. The defendants shall file their responses on or before **September 19, 2012**.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

August 31, 2012

cc: Jack P. Crisp, Jr., Esq.
    Aaron Jesse Ginsberg, Esq.
    John P. LeBrun, Esq.
    Cindy Robertson, Esq.