UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dean Davis, Gina Colantuoni,
and James Piet

          v.                          Civil No. 11-cv-436-PB

Jacob S. Ciborowski
Family Trust, et al.


O R D E R


     Plaintiffs move for an award of attorneys' fees incurred in
preparing and filing motions to compel defendants to provide
interrogatory answers and objections to defendants' motions for
a protective order.  Plaintiffs seek a total of $17,550 in fees.
Defendants object to the motion.


**Discussion**

     Plaintiffs seek an award of fees pursuant to Federal Rule of
Civil Procedure 37(a)(5)(A).  Defendants contend that their
position in the discovery dispute was substantially justified and
that an award of fees would be unjust under the circumstances.
Defendants also object to the hourly rates claimed by plaintiffs'
counsel and to the amount of time claimed.

A.   <u>Substantially Justified or Unjust</u>

Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Expenses are not awarded, however, if the moving party filed the motion before attempting to obtain the discovery without court action; if the opposing party's nondisclosure, response, or objection was substantially justified; or if other circumstances would make the award unjust.  <u>Id.</u>   Under Federal Rule of Civil Procedure 26(c)(3), Rule 37(a)(5)(A) applies to award fees to a party who successfully opposes a motion for a protective order.  <u>See, e.g.</u>, <u>Signature Pharm., Inc. v. Soares</u>, 2012 WL 4815726, at *5 (M.D. Fla. Oct. 10, 2012); <u>K.S. ex rel. Isserlis v. Ambassador Programs, Inc.</u>, 2010 WL 1568391, at *3-*4 (E.D. Wash. Apr. 24, 2010); <u>Cartel Asset Mgmt. v. Ocwen Fin. Corp.</u>, 2010 WL 502721, at *17 (D. Colo. Feb. 8, 2010).

A party's position in resisting discovery is reasonably justified if there is a genuine dispute or "if reasonable people could differ as to the appropriateness of the contested action." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988) (internal

quotation marks omitted).  An award would be unjust in special circumstances such as when "the prevailing party also acted unjustifiably."  Hinterberger v. Catholic Health Sys., Inc., --- F.R.D. ---, 2012 WL 2953653, at *11 (W.D.N.Y. July 19, 2012). The burden rests with the party opposing an award to show that his conduct was justified or show unusual circumstances that would make an award unjust.  Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008); IMS Health Corp. v. Schneider, --- F. Supp. 2d ---, 2012 WL 4510634, at *11 (D. Me. Sept. 28, 2012).

Defendants contend that their failure to provide the requested discovery and their motions for a protective order were substantially justified because their suggestion to delay discovery was reasonable and because the disputed discovery was not seeking relevant information.  Defendants also contend that plaintiffs sought the disputed discovery as a ploy to gain an award of attorneys' fees.  The court has considered defendants' arguments and concludes that defendants have not met their burden to show that their actions were either substantially justified or that unusual circumstances exist which would make an award of fees unjust.  Therefore, plaintiffs are entitled to an award of reasonable fees under Rule 37(a)(5).

B.  Award of Reasonable Fees

    Reasonable fees are typically calculated by the lodestar
method in which the court multiplies the hours productively
spent by a reasonable hourly rate.  United States v. One Star
Class Sloop Sailboat, 546 F.3d 26, 37-38 (1st Cir. 2008);
Saalfrank v. Town of Alton, 2010 WL 839884, at *8 (D.N.H. Mar.
5, 2010).  In some cases, the court may adjust the lodestar
amount based on other factors such as the degree of the moving
party's success.  Spooner v. EEN, Inc., 644 F.3d 62, 68 (1st
Cir. 2011).  The party seeking a fee award bears the burden of
producing materials to support the request, and the opposing
party may submit evidence to counter the request.  Hutchinson ex
rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011).

    1.  Time Productively Spent

    The determination of compensable time requires a
consideration of what time was reasonably expended on the tasks.
In re Sullivan, 674 F.3d 65, 69 (1st Cir. 2012).  The court
begins by examining the billing records provided by the moving
party and deletes "'any duplicative, unproductive, or excessive
hours.'"  Spooner, 644 F.3d at 68 (quoting Gay Officers Action
League v. Puerto Rico, 247 F.3d 288, 295-96 (1st Cir. 2001)).
The court also considers the opposing party's countervailing
evidence.  Spooner, 644 F.3d at 68.

4

Aaron Ginsberg and James Ziegra, who are staff attorneys at
the Disabilities Rights Center, Inc., represent plaintiffs in
this case.  Ginsberg's billing records begin at the end of May,
2012, when he began work on the motions to compel.  The two
motions to compel were filed on June 13, 2012.  Ginsberg seeks
fees for 34 hours preparing and filing the motions to compel and
supporting memoranda and 17.45 hours drafting and filing replies
to defendants' objections to the motions to compel and reviewing
defendants' surreply.  Plaintiffs explain that Ginsberg spent
22.2 hours drafting and filing the objection to the Trust's
motion for a protective order, and Ziegra spent 12.3 hours on
the objection to Bagel Work's motion for a protective order.  In
addition, plaintiffs seek to recover for 3.5 hours spent on
miscellaneous matters that were related to the discovery
motions, but do not identify the dates or which attorney worked
on those matters.

Defendants argue that the billing records are confusing,
vague, and seem to include repetitive entries for the same work.
Defendants assert that the amount of time Ginsberg spent
drafting and editing the motions to compel, which were
substantially the same, appears to be excessive.  Defendants
also note that Ginsberg's billing records indicate that he
continued to work on the motions and supporting memoranda after

the filings had been made.  In addition, defendants object to
the three hours Ginsberg spent reviewing a case cited by
defendants, which was not an important part of plaintiffs'
response to the motions for a protective order and to entries
for comparing defendants' filings for similarities, emails, and
telephone calls.

Ginsberg's billing records do appear to be out of
chronological order.  In addition, the court agrees that the
amount of time spent on the motions to compel and supporting
memoranda appears to be excessive, in light of the similarity of
the subject matter and the relatively short length of the
memoranda.  The time claimed for the motions to compel and
supporting filings, totaling 51.45 hours, is reduced to 41
hours.  Similarly, the time spent opposing the motions for a
protective order, a total of 34.5 hours, is also excessive and
is reduced to 15 hours for Ginsberg and 8 hours for Ziegra.

Plaintiffs have supportably claimed a total of 56 hours of
compensable time spent by Ginsberg and a total of 8 hours spent
by Ziegra.

2.   Rates

After the amount of compensable time is determined, the
lodestar amount is calculated using reasonable hourly rates.
Gay Officers, 247 F.3d at 293.  "'Reasonable hourly rates will

6

vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria.'"  Hutchinson, 636 F.3d at 16 (quoting One Star Class Sloop Sailboat, 546 F.3d at 38).  While the court may consider counsel's ordinary billing rate, that amount is not binding. Hutchinson, 546 F.3d at 16.  To support the hourly rate claimed, counsel must provide "information establishing the usual and customary rates in the marketplace for comparably credentialed counsel."  Spooner, 644 F.3d at 68.

Ginsberg states in his affidavit that he graduated from law school in 2007 and has worked at the Disabilities Rights Center since then.  He further states that based on his experience and expertise, his billing rate is $200 per hour.  Ziegra states in his affidavit that he graduated from law school in 2011 and has worked at the Disabilities Rights Center since that time. Ziegra states that based on his experience, his hourly billing rate is $175.  Plaintiffs cite two cases from this court and one case from state court to support the claimed rates but do not provide affidavits from other lawyers or any other support for their claimed hourly rates.

Defendants object that the hourly rates claimed by Ginsberg and Ziegra are too high and that the lawyers in the cited cases had far more experience than Ginsberg and Ziegra.  Defendants

assert that rates found in other cases support an hourly billing rate for Ginsberg at $175 and less than $125 for Ziegra.

Recently, the court determined that an hourly rate of $175 was appropriate for attorneys in a civil rights case who had five and six years of experience.  Foley v. Huppe, 2012 WL 5467527, at *9-*10 (D.N.H. Nov. 9, 2012).  In Carter v. Toumpas, 2009 WL 903743, at *6 (D.N.H. Mar. 31, 2009), the hourly rates for the attorneys ranged from $225 to $300, but the decision does not provide detail as to the level of experience of the attorneys.  In Bryan M. v. Litchfield Sch. Dist., 2005 WL 3287478 (D.N.H. Dec. 5, 2005), the court awarded fees to lawyers from the Disabilities Rights Center and used hourly rates between $135 for a lawyer with three years of experience up to $225 for the lawyer with the most experience.  In Tinker v. Town of Tilton, No. 05-E-146, 2010 N.H. Super. LEXIS 41, (N.H. Super. Ct. 2010), the court approved hourly rates for lawyers from the Disabilities Rights Center ranging from $300 for the most experienced to $175 for lawyers who had the least experience.

For purposes of the award here, Ginsberg's time will be compensated at an hourly rate of $175, and Ziegra's time will be compensated at an hourly rate of $150.

3.   <u>Award</u>

Based on the hours productively spent and the reasonable hourly rates, the total award for attorneys' fees is $11,000.

Plaintiffs ask that the award be paid by the Trust because of the contractual relationship between the Trust and Bagel Works.  Based on the circumstances that led to the motions to compel and the motions for a protective order, however, it appears that defendants' discovery conduct was based on the advice of counsel.  Therefore, counsel shall pay the award.


## Conclusion

The plaintiffs' motion for attorneys' fees (document no. 98) is granted to the extent that plaintiffs are awarded attorneys' fees in the amount of $11,000.  The defendants' counsel shall pay the award of fees.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

November 26, 2012

cc:  Jack P. Crisp, Jr., Esq.
     Aaron Jesse Ginsberg, Esq.
     John P. LeBrun, Esq.
     Cindy Robertson, Esq.
     James P. Ziegra, Esq.