UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Dean Davis, et. al.**

   **v.**                                                  Civil No. 11-cv-436-PB
                                                     Opinion No. 2013 DNH 089
**Jacob S. Ciborowski
Family Trust, et. al.**

MEMORANDUM AND ORDER

This case involves claims by plaintiffs that defendants – Jacob S. Ciborowski Family Trust, which owns Phenix Hall in downtown Concord, and Bagel Works, a café that leases space within Phenix Hall – violated Title III of the Americans with Disabilities Act ("ADA") when they renovated Phenix Hall without making the entrance accessible to disabled persons. Magistrate Judge Landya McCafferty awarded plaintiffs attorney's fees they incurred while preparing and filing motions to compel defendants to provide interrogatory answers and objections to defendants' motions for protective orders. Presently before me is defendants' motion to reconsider the Magistrate Judge's decision (Doc. No. 110). Because I conclude that the decision is not clearly erroneous, I deny defendants' motion.

## I.  BACKGROUND

Plaintiffs filed their first amended complaint on September 20, 2011.  Doc. No. 3.  Bagel Works answered on November 21, 2011, and the Trust answered on November 23, 2011.  Doc. Nos. 13, 15.  The parties jointly filed a discovery plan on January 3, 2012.  Doc. No. 27.

On February 2, 2012, plaintiffs served interrogatories and requests for production on the Trust.[1]  Doc. No. 33-1 at 1.  On February 10, 2012, they served interrogatories and requests for production on Bagel Works.  Doc. No. 34 at 2.  On March 19, Bagel Works provided unsigned and incomplete responses to plaintiffs' discovery requests.  Id.  On March 30, the Trust provided unsigned and incomplete responses to plaintiffs' discovery requests, and each defendant provided plaintiffs with a draft motion for a protective order.  Doc. Nos. 33-1 at 2, 34-1 at 2.  On April 20, plaintiffs sent a follow-up letter to the Trust in which they reasserted their requests for answers to the interrogatories and production of certain documents.  Doc. No.

---

[1] Plaintiffs state that the interrogatories were served by all three plaintiffs.  Doc. No. 33-1 at 1.  Defendants apparently believed that only plaintiff Dean Davis served interrogatories on them.  Doc. Nos. 36 at 1, 38 at 1.  The Magistrate Judge treated the interrogatories as having been served by all three plaintiffs and noted that the motions to compel were filed by all three plaintiffs.  Doc. No. 77 at 4.

2

33-1 at 2, 7.  Plaintiffs sent a similar follow-up letter to Bagel Works on April 23.  Doc. No. 34 at 2.  On June 6, plaintiffs again sent letters to the defendants explaining the legal basis of their discovery requests.  Doc. Nos. 33-2, 34-2.  A week later, having still not received a substantive response from the defendants, plaintiffs filed motions to compel the Trust and Bagel Works to answer the interrogatories and produce related documents.  Doc Nos. 33, 34.

A.   **Contested Discovery Requests**

Plaintiffs' motion to compel the Trust to produce discovery covered Interrogatories 26, 28, 29, 30, and 31.  Through these interrogatories, plaintiffs sought two categories of information: (1) information about the Trust's communications with the City of Concord regarding use of the city sidewalk to build a handicapped accessible entrance to Phenix Hall, and (2) financial information.

The motion to compel Bagel Works to produce discovery covered Interrogatories 21, 22, 23, and 24 – which are identical to the four financial interrogatories (28, 29, 30, and 31) plaintiffs served on the Trust – and Interrogatories 8, 10, 20, and 30.  The latter four interrogatories requested information about Bagel Works' communications with the Trust and the City of

3

Concord regarding access to Phenix Hall and also requested information relating to a 1992 letter the Disability Rights Center apparently sent to Bagel Works. Doc. No. 34-2 at 6-8, 13.

In each motion, plaintiffs provided substantive arguments justifying their discovery requests and explaining the relevance of the subject interrogatories to claims or defenses the parties raised in the pleadings. Plaintiffs also noted in each motion that, even assuming the defendants had a valid basis for objecting to the discovery, defendants had waived those objections because their responses were untimely. Doc. Nos. 33-1 at 6, 8; 34-1 at 2 6, 10.

Each defendant filed an objection to the motion to compel served on it, addressing the substantive arguments they believed justified their refusal to provide the discovery. Doc. Nos. 35, 37. Neither defendant addressed the fact that its responses were untimely. Plaintiffs filed replies to the objections, and defendants subsequently filed surreplies. Doc. Nos. 46, 47, 66, 70.

In combination with their objections to plaintiffs' motions to compel, each defendant moved for a protective order. Doc. No. 35, 37. Defendants later re-filed their motions for

4

protective orders as independent documents, Doc. Nos. 49, 50, in accordance with Magistrate Judge McCafferty's instructions and local rules.  Doc. No. 43.

The Trust's motion for a protective order covered Interrogatories 10, 15, 16, 17, 19, 20, 27, 28, 29, 30, and 31. Doc. No. 50-1 at 2-3.  Interrogatories 15-17 requested information about properties the Trust owns other than Phenix Hall.  Id. at 6-7.  Interrogatories 10, 20, and 28-31 were covered by the motion to compel and are described above. Interrogatory 19 asked the Trust for information about resources it had consulted to determine Phenix Halls' historical significance.  Doc. No. 50-2 at 23.  Interrogatory 27 asked the Trust whether it had asked the City of Concord for permission to build a ramp in front of Phenix Hall.  Id. at 31.  Bagel Works' motion for a protective order covered Interrogatories 21-24, which relate to Bagel Works' finances.  Doc. No. 49-1 at 1-2.

**B.   Orders on the Motions to Compel and for a Protective Order**

    1.   Order Granting Plaintiffs' Motion to Compel

Magistrate Judge McCafferty granted plaintiffs' motion to compel.  She concluded that defendants had waived any viable objections to plaintiffs' discovery requests because their responses were untimely, and they failed to address the

5

untimeliness of their responses, much less provide "good cause" for it, as Fed. R. Civ. P. 33(b)(4) requires.[2]  Doc. No. 77 at 6.  The Magistrate Judge ordered the parties to file briefs on the issue of whether an award of attorney's fees would be appropriate.

    2.   <u>Order Denying Defendants' Motions for Protective Orders</u>

Magistrate Judge McCafferty denied defendants' motions for protective orders because neither defendant provided "good cause for the court to find that a protective order is necessary . . . to avoid annoyance, embarrassment, oppression, or undue burden or expense" as required by Fed. R. Civ. P. 26(c).  Doc. No. 78 at 2.  She then ordered the parties to file briefs on the issue of whether an award of attorney's fees in connection with the motions for protective orders would be appropriate.  <u>Id.</u> at 8.

**C.**   **<u>Motion for Attorney's Fees</u>**

    1.   <u>Legal Standard</u>

Under the federal rules, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require

---

[2] Although it was unnecessary to reach the merits, "in the interest of completeness," the Magistrate Judge explained why the plaintiffs' substantive arguments were meritorious and the motions would have been granted even if the defendants' responses had been timely.  Doc. No. 77 at 6.

the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  Expenses are not awarded, however, if the opposing party's nondisclosure, response, or objection was substantially justified.[3]  Id.  "'Substantially justified' does not mean 'justified to a high degree,' but only 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'"  Sheppard v. River Valley Fitness One, L.P., 428 F.3d 1, 12 (1st Cir. 2005) (quoting

---

[3]  Expenses also are not awarded if the moving party filed the motion before making a good faith attempt to obtain the discovery without court action or if other circumstances would make the award unjust.  Fed. R. Civ. P. 37(a)(5)(A).  Defendants do not dispute that plaintiffs attempted in good faith to resolve the discovery dispute before filing motions to compel.  An award of expenses may be unjust "where the prevailing party also acted unjustifiably."  Fed. R. Civ. P. 37 advisory committee's notes.  Here, defendants argued that it would be unjust to award attorney's fees to plaintiffs because defendants were forced to "cling" to irrelevant defenses when plaintiffs unreasonably refused to promise that they would not bring a claim regarding barrier removal.  Doc. No. 107-1 at 9.  Defendants further argued that an award of attorney's fees would be unjust because they objected only to the timing of discovery.  Id.  Magistrate Judge McCafferty concluded that the defenses to which defendants were forced to "cling" were totally irrelevant to plaintiffs' claims.  Defendants therefore had no basis for maintaining those defenses.  Plaintiffs were reasonable in seeking discovery related to the irrelevant defenses that defendants unreasonably refused to abandon.  Defendants failed to convince the Magistrate Judge that awarding attorney fees would be unjust, and have not demonstrated why that conclusion was clearly erroneous.

Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The federal rules also permit attorney's fees to be awarded to a party that successfully opposes a motion for a protective order. See Fed. R. Civ. P. 26(c)(3); Sheppard, 428 F.3d at 11.

Following the Magistrate Judge's orders, plaintiffs filed a motion for attorney's fees, seeking a total of $17,550 for 89.45 hours of work allegedly performed in connection with the motions to compel and the motions for protective orders. Doc. No. 98 ¶ 14.

1. The Parties' Arguments

Plaintiffs argued that defendants waived any objections to the interrogatories because their responses were untimely, and, therefore, they lacked substantial justification to refuse to provide discovery or to object to the motion to compel.[4] Doc. No. 98-1 at 5.

Defendants addressed the untimeliness of their discovery objections in a cursory manner. They acknowledged receiving a letter from plaintiffs on March 26, Doc. No. 107-1 at 2, 107-2, in which the plaintiffs notified the Trust that it had failed to

---

[4] Plaintiffs also made arguments regarding the merits of defendants' argument that they were substantially justified in objecting to plaintiffs' discovery requests and moving for protective orders. See Doc. No. 98-1 at 5-8, 9-10, 11-14.

8

timely respond to the interrogatories.[5]  Doc. No. 98-1 at 5.  On March 27, defense counsel sent a letter to plaintiffs explaining that defendants had encountered some problems gathering the documents necessary to respond to the interrogatories.  Doc. No. 107-1 at 2; 107-2.  Counsel made no attempt in that letter to justify the delay.  The letter stated simply:

> I appreciate your patience in connection with the Trust's response to your interrogatories.  I emailed James last week to let him know there was a delay in gathering the requested documents.  I had hoped to have them all by the end of the week.  Unfortunately, that did not happen.  I believe I have them now and will be getting them to you prior to the deadline in your letter.

Doc. No. 107-2.  Defendants provided no further explanation in their opposition brief or any of their previous filings for their untimely responses.

Defendants' March 27 letter suggests that, at the earliest, defendants notified plaintiffs of their difficulty gathering responsive documents in an email to "James" sent the week prior to March 27.  There is no indication that that email offered an explanation for the delay, and the email is not in the record.

---

[5] That letter is not in the record, and defendants do not describe its substance.  Plaintiffs made a brief reference to the March 26 letter in their motion for fees.  I assume the March 26 letter that the plaintiffs mention is the same one to which the defendants refer.  Plaintiffs do not indicate whether they corresponded with Bagel Works about the fact that its responses also were late.

Although defendants thank plaintiffs for their patience and refer to a deadline in plaintiffs' March 26 letter, they neither assert nor offer evidence that, within the initial thirty days after serving the interrogatories, the plaintiffs agreed to extend the deadline for responding to the interrogatories.

    3.   <u>Order Granting Plaintiffs' Motion for Attorney's Fees</u>

Magistrate Judge McCafferty concluded "that defendants have not met their burden to show that their actions were either substantially justified or that unusual circumstances exist which would make an award of fees unjust."  Doc. No. 108 at 3. Consistent with this conclusion, she awarded plaintiffs fees in the amount of $11,000 for work related to the motions to compel and motions for protective orders.  <u>Id.</u> at 5.  Judge McCafferty also concluded that counsel would be required to pay the fees, stating, "Based on the circumstances that led to the motions to compel and the motions for a protective order . . . it appears that defendants' discovery conduct was based on the advice of counsel."  <u>Id.</u> at 9.

Defendants have filed a motion for reconsideration of the Magistrate Judge's order awarding attorney's fees and requiring that counsel pay the fees.[6]

---

[6]  Defendants make a third argument that the court should wait to

## II. **STANDARD OF REVIEW**

I construe a motion for reconsideration of a magistrate judge's decision imposing discovery sanctions as an appeal from an order deciding a non-dispositive motion. Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 6 (1st Cir. 1999). On a timely appeal of an order deciding a non-dispositive motion, "the district judge may . . . set aside the order if it 'is clearly erroneous or contrary to law.'" PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010) (quoting Fed. R. Civ. P. 72(a)). Under this standard, I accept the magistrate's "findings of fact and conclusions drawn therefrom unless, after scrutinizing the entire record, [I] form a strong, unyielding belief that a mistake has been made." Phinney, 199 F.3d at 4 (citation and quotations omitted); see also Riggs v. Peschong, Civil No. 06-CV-366-JD, 2008 WL 1995453, *2 (D.N.H. May 6, 2008). If the magistrate judge "does not offer a reasoned

---

award attorney's fees, if at all, until the litigation is over. Defendants cite no legal authority in support of their position. They also raise this issue for the first time in their motion for reconsideration. A motion for reconsideration is not "a vehicle . . . for litigating for the first time issues the Court was not previously asked to decide." Northwest Bypass Group v. U.S. Army Corps of Engineers, 490 F. Supp. 2d 184, 189 (D.N.H. 2007). Accordingly, I decline to address the merits of their suggestion.

explanation" for her decision, the court must review the record "'with particular, even painstaking care.'" Holland v. Island Creek Corp., 885 F. Supp. 4, 5 (D.D.C. 1995) (quoting Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1385, 1408 (D.C. Cir. 1988) (citation and quotations omitted).

Here, Magistrate Judge McCafferty concluded that the defendants lacked substantial justification to object to plaintiffs' discovery requests and motions to compel, or to file motions for protective orders. Although she provided extensive analysis supporting her decisions in the orders granting the motions to compel and denying the motions for protective orders, she did not explain in the order awarding fees why she concluded that defendants lacked substantial justification for objecting to plaintiffs' discovery requests. Thus, I review the record with "painstaking care" to determine whether her ruling was clearly erroneous. See Holland, 885 F. Supp. at 5.

A. **Motion for Reconsideration**

To succeed on their motion for reconsideration, defendants must demonstrate that they were substantially justified in concluding that they had not waived their right to object to plaintiffs' interrogatories; only then will the court consider the substance of their objections. See, e.g., Afreedi v. Bennett, 517 F. Supp. 2d 521, 525-26 (D. Mass. 2007) (granting

12

motion for fees where counsel failed to make timely responses to discovery requests and waited months after the due date to feebly explain the delay, raising the excuse of her client's mental health problems in an opposition to a motion for fees); Cargill, Inc. v. Ron Burge Trucking, Inc., 284 F.R.D. 421, 424-28 (D. Minn. 2012) (granting motion for fees where the party's responses were untimely, there was no evidence that the parties agreed to extend the deadline for responding, and the offending party raised objections that it had previously waived).

The Federal Rules of Civil Procedure clearly state that the party responding to interrogatories must "serve its answers and any objections within 30 days after being served with the interrogatories" unless the parties stipulate to or the court orders a different deadline. Fed. R. Civ. P. 33(b)(2). Here, neither party has represented either that the parties agreed to extend the deadline or that the court ordered an extension beyond thirty days. Thus, when defendants filed their responses at the end of March 2012, those responses were untimely.

The rules further state that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Courts consider a variety of factors in determining whether a party had

good cause (or whether there was "excusable neglect") in failing to timely respond to discovery requests. Williams v. N.Y. City Dep't of Corr., 219 F.R.D. 78, 85 (S.D.N.Y. 2003) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993)). Those factors include "prejudice to the adversary, the length of the delay, the reason for the error, the potential impact on the judicial proceedings, whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (citations and quotations omitted). See Kissick v. Three Deer Assoc., 265 F.R.D. 55, 57 (D. Conn. 2010) (finding good cause where defendants' objections were untimely due to administrative error); Williams, 219 F.R.D. at 86 (S.D.N.Y. 2003) (finding lack of good cause where plaintiff failed to comply with a discovery deadline, provided no excuse for her failure, and never requested an extension of the discovery deadline).

Defendants acknowledged their untimeliness for the first time in their joint brief objecting to plaintiffs' motion for fees. See Doc. No. 107; Kissick, 265 F.R.D. at 57. Although defendants implied in their objection that plaintiffs assented to their late responses, they never actually asserted that the parties agreed to extend the deadline for defendants' responses.

14

See Doc. No. 107. Nor did they otherwise attempt to explain the late filings or address the factors that contribute to a finding of good cause.

Even now, defendants have failed to explain why they were substantially justified in pursuing objections to interrogatories that they had waived by failing to file timely responses. In fact, they do not address the timeliness of their responses at all in their motion for reconsideration. See Doc. No. 110-1. Under these circumstances, I cannot conclude that their resistance to the motion to compel was substantially justified.

Defendants also lacked substantial justification for filing motions for protective orders. The only arguments defendants offered in support of their motions were the arguments they were required to assert, if at all, in timely objection to plaintiffs' interrogatories. Defendants may not circumvent Fed. R. Civ. P. 33(b)(5), barring untimely objections to interrogatories, by filing motions for protective orders on the basis of objections it should have timely lodged against properly served interrogatories.

Magistrate Judge McCafferty's conclusion that the defendants lacked substantial justification for objecting to

15

plaintiffs' discovery requests was not clearly erroneous given that defendants waived their objections by failing to respond within thirty days to plaintiffs' interrogatories.

## B.   Requirement that Counsel Pay the Attorney's Fees

Courts have discretion under Fed. R. Civ. P. 37(a)(5)(A) to determine against whom to assess attorney's fees.  See, e.g., Saalfrank v. Town of Alton, Civil No. 08-cv-46-JL, 2010 WL 839884, at *12 (D.N.H. Mar. 5, 2010); Enterasys Networks, Inc. v. DNPG, LLC, Civil No. 04-CV-209-PB, 2006 WL 1633598, at *1 (D.N.H. June 12, 2006).

In this case, Magistrate Judge McCafferty concluded that, in light of the circumstances leading to the motions, "it appears that defendants' discovery conduct was based on the advice of counsel."  Doc. No. 108 at 9.  Defendants made no argument to the contrary in their objection to plaintiffs' motion for fees.  Doc. No. 107.  In their motion for reconsideration, defendants state only that the record does not affirmatively demonstrate that counsel was the driving force behind defendants' discovery conduct; they do not assert or provide any evidence that the defendants' discovery conduct was *not* based on the advice of counsel.  Plaintiffs take no position on whether counsel or his clients should pay attorney's fees.

16

Discovery decisions are normally strategic decisions made by attorneys and not their clients. Defendants have failed to demonstrate that Magistrate Judge McCafferty's conclusion was "clearly erroneous," and I form no "strong, unyielding belief that a mistake has been made." Phinney, 199 F.3d at 4 (citation and quotations omitted). Accordingly, I affirm the Magistrate Judge's order requiring defendants' counsel to pay plaintiffs' attorney's fees.

## IV. CONCLUSION

I might well have reached a different conclusion in this case if I had reviewed this matter *de novo*. Viewed with the benefit of hindsight, it is quite clear that this is a trivial dispute that could have been avoided if counsel on both sides had worked cooperatively to solve the problem. While the Magistrate Judge's fee award in this case was not clearly erroneous, the Disability Rights Center is not free from blame. The interrogatories in question sought information with respect to irrelevant defenses and the plaintiffs would have had no need for the information if the parties had acted reasonably and agreed that the defenses could be withdrawn without prejudice. People hire lawyers to resolve disputes, not to exacerbate them. Sadly, this case has not been a shining example of what we

17

expect from members of the New Hampshire bar. The motion to reconsider (Doc. No. 110) is denied.

    SO ORDERED.

<u>/s/Paul Barbadoro</u><br>
Paul Barbadoro<br>
United States District Judge

June 26, 2013

cc:   Aaron Jesse Ginsburg, Esq.
      Cindy Robertson, Esq.
      James P. Ziegra, Esq.
      Jack P. Crisp, Jr., Esq.